**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-03466-NYW-STV

ALIYAH M. MATTHIAS,

Plaintiff,

v.

TRADER JOE'S COMPANY,

Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge issued by the Honorable Scott T. Varholak ("Recommendation"). [Doc. 41]. Judge Varholak recommends granting Defendant's Motion to Dismiss Plaintiff's Employment Discrimination Complaint ("Motion to Dismiss" or "Motion"). *See* [Doc. 20]. Plaintiff Aliyah M. Matthias ("Plaintiff" or "Ms. Matthias") objects to the Recommendation, [Doc. 42], and Defendant Trader Joe's Company ("Defendant" or "Trader Joe's") has responded, [Doc. 43]. For the following reasons, the Recommendation is **ADOPTED AS MODIFIED**.

## BACKGROUND

The Court draws the following facts from the operative Complaint, [Doc. 1], and takes them as true for purposes of this Order. Ms. Matthias, who is Black, worked at Trader Joe's from August 22, 2023 to November 3, 2023. [*Id.* at 5]. She alleges that she experienced race discrimination and a hostile work environment throughout her tenure. *See* [*id.* at 7–10]. After she complained about these conditions to Defendant's Human

Resources department, she alleges that Defendant terminated her in retaliation. *See* [*id.* at 12–14].

As an exhibit to her Complaint, Plaintiff submitted a Charge of Discrimination that she filed with the EEOC on September 19, 2024, [Doc. 1-2 at 1–2], and a Notice of Right to Sue that she received on July 31, 2025, [*id.* at 4–5]. She commenced this lawsuit on October 30, 2025, bringing discrimination and retaliation claims under Title VII. *See generally* [Doc. 1].

Defendant then moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 20]. In the Motion, Defendant argued that Ms. Matthias failed to timely exhaust her administrative remedies within 300 days of the challenged conduct, that she failed to timely file her lawsuit within 90 days after receiving the Notice of Right to Sue, and that she fails to state any plausible claim for relief. *See generally* [*id.*].

Judge Varholak agreed with Defendant's first argument. *See* [Doc. 41 at 7–9]. As he explained, a Title VII complainant in Colorado must file a charge of discrimination with the EEOC within 300 days after the challenged conduct occurred. [*Id.* at 7–8 (first citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); and then citing 42 U.S.C. § 2000e-5(e)(1))]. Plaintiff's Complaint alleges that the discrimination and retaliation against her occurred no later than November 3, 2023. *See generally* [Doc. 1]. But the Charge of Discrimination attached to her Complaint was filed on September 19, 2024—more than 300 days later. [Doc. 1-2 at 1–2]. Judge Varholak thus recommends dismissal on exhaustion grounds. [Doc. 41 at 8–9]. But because Ms. Matthias represented in her response brief that she had filed an earlier Charge of Discrimination, he recommends granting her 21 days to file an Amended Complaint that attaches any

such charge. [*Id.* at 9 n.3].

## LEGAL STANDARDS

### I. Review of a Recommendation Under Rule 72

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations"). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *2121 E. 30th Street*, 73 F.3d at 1059 (quotation omitted).

An objection to a recommendation does not, however, provide an opportunity for a party to raise arguments or evidence not presented to the magistrate judge. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (collecting cases). And while district courts retain discretion to "receive additional evidence" when reviewing an objection, *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006), they generally decline to do so, *see, e.g.*, *Smith v. Crockett*, No. 20-cv-00841-WJM-MEH, 2023 WL 4945838, at*4 (D. Colo. Aug. 3, 2023); *Quarrie v. N.M. Inst. of Mining & Tech.*, No. 13-cv-00349-MV-SMV, 2014 WL 11456612, at *1 (D.N.M. Apr. 3,

2014). Consistent with this rule, the Court's Civil Practice Standards advise that the Court "disfavors the consideration of arguments and exhibits not made to the Magistrate Judge" and require parties seeking to introduce new arguments or exhibits to "expressly identify those arguments and/or exhibits and explain why such omitted arguments and/or exhibits should be considered, in the first instance, upon Objection." NYW Civ. Practice Standard 72.3(b).

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

**II. Dismissal Under Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The Court must ultimately

"determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Generally, courts do not resolve affirmative defenses at the motion-to-dismiss stage. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). But some defenses—such as an administrative exhaustion deadline or a statute of limitations—"may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (cleaned up). If the "time bar is clear from the face of the complaint," a court may dismiss untimely claims under Rule 12(b)(6). *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 366 (10th Cir. 2017) (citations omitted); *see also Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## III. Pro Se Filings

Ms. Matthias proceeds pro se, so the Court affords her filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Plaintiff argues that the Recommendation should be rejected because she originally filed a Charge of Discrimination on August 29, 2024, which would place some of the complained-of conduct within Title VII's 300-day deadline. [Doc. 42]. Defendant responds that the Objection is insufficient to trigger a de novo review of the Recommendation. [Doc. 43 at 4–6]. Even under a de novo standard, though, Defendant asserts that Judge Varholak correctly determined that the Motion should be granted. [*Id.* at 7–10]. The Court respectfully agrees with Defendant on both points.

As an initial matter, Plaintiff fails to raise a timely, proper objection to the Recommendation. The Recommendation issued on June 1, 2026 and expressly advised Plaintiff that any objections were due within 14 days, pursuant to Rule 72(b). [Doc. 41 at 9 n.4]; Fed. R. Civ. P. 72(b). Plaintiff filed her Objection 19 days later. [Doc. 42]. And in arguing that Judge Varholak misapprehended the date on which she filed her Charge of Discrimination, she relies on a new exhibit—a Charge of Discrimination dated August 29, 2024—that she did not present to Judge Varholak. [*Id.* at 1; Doc. 42-1]. She neither acknowledges that this exhibit is new nor "explain[s] why such . . . exhibit should be considered, in the first instance, upon Objection." NYW Civ. Practice Standard 72.3(b).

Although she proceeds pro se, Ms. Matthias "is not excused from complying with the Court's Practice Standards and the Federal Rules of Civil Procedure." *Chacon v. State Bd. for Cmty. Coll. & Occupational Educ.*, No. 23-cv-03110-PAB-TPO, 2026 WL 874013, at *2 (D. Colo. Mar. 31, 2026) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). And this Court has "no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's

recommendation." *Muhleisen v. Principi*, 73 F. App'x 320, 322 (10th Cir. 2003) (citing Fed. R. Civ. P. 72(b)). Absent a proper objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). Applying this standard, the Court finds no clear error in Judge Varholak's exhaustion analysis.

Even if the Court did overlook Ms. Matthias's violations of Rule 72 and this Court's practice standards, the Court would still concur with Judge Varholak's conclusion that the Motion should be granted. Title VII requires plaintiffs to file suit within 90 days of receiving a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). The 90-day deadline is a "condition precedent to suit that functions like a statute of limitations." *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)). Ms. Matthias received her Notice of Right to Sue on July 31, 2025, [Doc. 1-2 at 4–5], and filed suit 91 days later, on October 30, 2025, [Doc. 1; Doc. 32 at 3 ¶ 1.3]. To be sure, the 90-day deadline may be subject to equitable tolling if the "plaintiff is actively misled, or has in some extraordinary way been prevented from asserting [her] rights." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quotation omitted). But Ms. Matthias has alleged no facts and made no arguments to clear that high bar. *See* [Doc. 1; Doc. 32 at 3]. Instead, after Defendant raised this issue in the Motion, [Doc. 20 at 7–8], she simply asserted that she filed her lawsuit "on the 90th day" after receiving the Notice of Right to Sue, [Doc. 32 at 3]. It therefore appears

that Ms. Matthias's delay resulted from a mere miscalculation of the deadline, which "is not 'extraordinary' for purposes of equitable tolling." *Santini v. Clements*, 498 F. App'x 807, 810 (10th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 651–52 (2010)) (post-conviction context); *Nelson v. Mayorkas*, No. 23-cv-00100-NYW-SBP, 2024 WL 4136757, at *5 (D. Colo. Jan. 26, 2024) (declining to apply equitable tolling to Title VII claim where plaintiff "simply miscalculated . . . the deadline"), *recommendation adopted*, 2024 WL 1090301 (D. Colo. Mar. 4, 2024).

Accordingly, the Court finds it clear from the face of the Complaint, as currently submitted, that Plaintiff's suit is time-barred. *See Herrera*, 695 F. App'x at 366; *see also, e.g.*, *Nelson*, 2024 WL 4136757, at *4 (D. Colo. Jan. 26, 2024) ("[F]iling on the ninety-first day is fatal to [Title VII] claims." (collecting cases)); *Hill v. Spherion Staffing LLC*, No. 1:24-cv-00202-DBP, 2025 WL 2781531, at *2 (D. Utah Sept. 29, 2025) (dismissing Title VII suit filed 92 days after receipt of right-to-sue letter). The Recommendation is **ADOPTED** as to Judge Varholak's conclusion that the Motion should be **GRANTED**. The Court respectfully **MODIFIES** the Recommendation to dismiss Plaintiff's claims without prejudice on the additional basis of the 90-day filing period triggered by the receipt of the notice of right to sue. Should Plaintiff seek to amend her Complaint, she must first meet and confer with opposing counsel, and seek leave to amend from the Court, consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice, and the Uniform Civil Practice Standards. **To the extent that such motion is not filed by September 14, 2026, this Court will direct the Clerk of Court to enter judgment in favor of Defendant and terminate this case without further notice to Plaintiff.**

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Objection [Doc. 42] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge [Doc. 41] is **ADOPTED AS MODIFIED**;

(3) Defendant's Motion to Dismiss Plaintiff's Employment Discrimination Complaint [Doc. 20] is **GRANTED**;

(4) Plaintiff's claims are **DISMISSED without prejudice** but without leave to amend;

(5) To the extent that Plaintiff does not seek leave to amend her Complaint by **September 14, 2026**, this Court will direct the Clerk of Court to enter judgment in favor of Defendant and terminate this case without further notice to Plaintiff.

DATED: August 24, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge